

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
ATTORNEY GENERAL

October 11, 2018

1600 Arch Street, 3rd Floor
Philadelphia, PA 19103
Telephone: (267) 940-6713
Fax: (717) 772-4526
bhughes@attorneygeneral.gov

**Filed via ECF**
The Honorable Frederic Block
United States District Court for the
  Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

    Re:    *Jenkins, et al. v. City of New York, et al.*
             Civil Action No. 18-1145 (FB) (SJB)

Your Honor:

     I represent the Commonwealth of Pennsylvania ("Commonwealth"), which is named as a defendant in the above-referenced matter. In accordance with Rule 2(A) of the Court's Individual Practices in Civil Cases, I write to request a pre-motion conference to discuss the Commonwealth's contemplated motion to dismiss the Second Amended Complaint (Doc. 30) pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).

     Plaintiffs are family members of Adeji Omole, an inmate at Northampton County Prison (in Pennsylvania), who died (in New Jersey) on February 24, 2016, during transport to Rikers Island (in New York), where he was to serve the remainder of his sentence. Plaintiffs allege that Mr. Omole had extensive medical issues that Northampton County Prison, its medical contractor, and transporting Rikers Island personnel failed to treat properly prior to and during the transport, which contributed to his death. Plaintiffs assert claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), 42 U.S.C. § 1983, as well as a common law wrongful death claim.[1]

     The claims against the Commonwealth should be dismissed for at least five reasons. First, the Commonwealth is an improper party to this case. Plaintiffs apparently seek to hold the Commonwealth liable for the conduct of Northampton County Prison and associated personnel. As the name of the prison implies, however, Northampton County Prison is a municipal, rather

---

[1] While Plaintiffs also assert a freestanding claim alleging violation of the Eighth Amendment, such a claim could only be actionable under § 1983.

than a state, entity. *See*, *e.g.*, *Castro v. Kastora*, Civ. No. 18-1029, 2018 WL 4538454, at *10 (E.D. Pa. Sept. 20, 2018) (construing claims against Northampton County Prison as alleging municipal liability under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *Phillips v. Northampton County*, Civ. No. 14-6007, 2016 WL 4944221, at *10-14 (E.D. Pa. Sept. 14, 2016) (same); *Toth v. Pa. Bd. of Probation and Parole*, 470 A.2d 206, 207 (Pa. Cmwlth. 1984) (noting that the petitioner was "confined in the Northampton County Prison, which is outside the jurisdiction of the Pennsylvania Bureau of Correction"). Thus, the proper defendant for Plaintiffs' claims arising from the conduct of Northampton County Prison would be the county of which the prison is an agency – *i.e.*, Northampton County. *See Birckbichler v. Butler County Prison*, Civ. No. 07-1655, 2009 WL 2986611, at *5 (W.D. Pa. Sept. 17, 2009) ("the only proper defendant is Butler County and not the [Butler County Prison] nor the Butler County Prison Board").

The Commonwealth, through its Department of Corrections, "administers all state correctional institutions," which are considered "agenc[ies] or arm[s] of the Commonwealth of Pennsylvania." *Cooley v. Zewe*, Civ. No. 11-99, 2013 WL 3200524, at *3 (W.D. Pa. June 24, 2013). Because Northampton County Prison is not a state correctional institution administered by the Commonwealth, the Commonwealth is an improper party to this action and Plaintiffs' claims against it should be dismissed.[2]

Second, the Commonwealth is entitled to Eleventh Amendment immunity as to all § 1983 claims. Section 1983 authorizes suit only against a "person," and because "neither a State nor its officials acting in their official capacities are 'persons' under Section 1983," the statute does not

---

[2] By correspondence dated October 1 and 2, undersigned counsel advised Plaintiffs' counsel of this fact, requesting voluntary dismissal. In a response, dated October 5, Plaintiffs' counsel declined, stating that "[u]nless your client neither funded any part of Northampton Prison and/or [its] programs, including medical care, nor legislated compliance with the ADA . . . nor conducted inspections for compliance with State Law at NH Prison . . . then I do not see how the inclusion of the Commonwealth of Pennsylvania in this case is erroneous."

This late-breaking theory of Plaintiffs' counsel, however, finds no support in the operative pleading, nor could the Commonwealth somehow be held vicariously liable under the ADA, RA, or § 1983 for the actions of a municipal entity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *C.L. ex rel K.L. v. Hastings-on-Hudson Union Free School Dist.*, Civ. No. 14-4422, 2015 WL 1840507, at *7 (S.D. N.Y. Apr. 21, 2015) (citing *Rodriguez v. City of N.Y.*, 197 F.3d 611, 619 (2nd Cir. 1999), for the proposition that "the State must adhere to the ADA's and Rehabilitation Act's non-discrimination requirements for services *the State* provides, and safety monitoring is not such a service" (emphasis in original)).

It bears mention, moreover, that Plaintiffs initially named as a defendant in this action the City and County of Philadelphia (Doc. 1), apparently under the erroneous belief that Northampton County Prison was operated by a different county in Pennsylvania. On May 1, 2018, however, Plaintiffs' counsel filed a stipulation of dismissal (Doc. 17), acknowledging that Philadelphia was an improper party because it had nothing to do with the operation of Northampton County Prison. The Commonwealth of Pennsylvania should be dismissed for the exact same reason

waive Eleventh Amendment immunity or provide any basis for a cause of action against the Commonwealth. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Put another way, § 1983 neither waives jurisdictional immunity nor does it provide a substantive basis for Plaintiffs to bring their constitutional claims against the Commonwealth. Under § 1983, Plaintiffs can only sue a "person" who allegedly deprived them of a federal right under color of state law. Because Plaintiffs have not done so here, their § 1983 claims against the Commonwealth must be dismissed.

Third, Plaintiffs' claims against the Commonwealth are untimely. The conduct about which Plaintiffs complain occurred on or before the date of Mr. Omole's death – February 24, 2016. (*See* Doc. 30-9). Plaintiffs did not name the Commonwealth as a defendant until the filing of their Second Amended Complaint, on August 2, 2018, and, to date, the Commonwealth has not been served with a summons or waiver. "For section 1983 actions based on conduct in Pennsylvania, the statute of limitations is two years from the date the claim accrued." *Brown v. Buck*, 614 Fed. Appx. 590, 591 (3d Cir. 2015). The same applies to Plaintiffs' ADA and RA claims. *See Estrada v. Trager*, Civ. No. 01-4669, 2002 WL 31053819, at *3 (E.D. Pa. Sept. 10, 2002) ("In Pennsylvania, that statute of limitations [for ADA and RA claims] is two years"). Because Plaintiffs' claims against the Commonwealth are untimely, they must be dismissed.

Fourth, Plaintiffs' complaint should be dismissed for improper venue. Plaintiffs assert that venue is proper in this court pursuant to 28 U.S.C. § 1391. (Doc. 30 ¶ 16). Pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" Here, all of the conduct about which Plaintiffs complain occurred at Northampton County prison, in the Eastern District of Pennsylvania. It was there that Mr. Omole allegedly received improper medical care, and it was there that Rikers Island personnel secured him for transport to New York City. Although Mr. Omole died "*en route* near Newark, New Jersey" (*id*. at ¶ 64) and was taken to "St. Michaels Medical Center in Newark, New Jersey[,]" (*id*. at ¶ 65), all of the events or omissions relevant to Plaintiffs' claims occurred in Pennsylvania. More importantly, for venue purposes – and contrary to the representations of Plaintiffs' counsel on the civil cover sheet in this case (*see* Doc. 1-1) – none occurred in the Eastern District of New York. Accordingly, venue in this court is improper, and the complaint should be dismissed or transferred to the Eastern District of Pennsylvania.

Finally, Plaintiffs' complaint fails to state a plausible claim for relief under the ADA/RA or § 1983. *See Wright v. Smith*, 21 F.3d 496, 501 (2nd Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"); *Bilal v. N.Y. Dep't of Corr.*, Civ. No. 08-6664, 2010 WL 1875731, at *4 (S.D. N.Y. 2010) (setting forth required elements for ADA/RA claims).

Sincerely,

*/s/ Bryan C. Hughes*

Bryan C. Hughes
Senior Deputy Attorney General

cc:   All counsel of record (via ECF notification)