Ira N. Weinstein
Attorney At law
6103 Strickland Ave. Brooklyn, NY 11234
email inw4@yahoo.com     tel 718 241 2430   fax 888 314 5399

October 25, 2018

 Senior Judge Frederic Block
Brooklyn Courthouse EDNY
Cadman Plaza,
 Brooklyn, NY 11201


PLAINTIFFS RESPONSE TO DEFENDANT'S PRIMECARE and MATTHEW GEER
LETTER MOTION -  for Pre Motion Conference Re:  Jenkins et al Vs City of New York et al
18CV 1845

 Honorable Sir,

 I represent plaintiffs in this action. The stay of discovery which was ordered by Judge Bulsara is
still in place pending determination of the NYC defendants motion. Now  Defendants
PRIMECARE and GEER have made their  pre motion letter to dismiss which plaintiff opposes
herein.  The US Supreme Court in US vs Georgia 546 US 157-159 (2006) unanimously
determined the intent of Congress the Americans with Disabilities Act (hereinafter "ADA"),42
USC 12131-12160 et seq  was that it also apply to disabled prisoners. Accordingly this has been
embodied in the Corrections Directives of both PA and NY which mandate compliance with the
ADA, To Wit "provide reasonable accommodations" (SAC Par's 35 & 37 ).
PRIMECARE and GEER set forth case law alleging deficiencies in plaintiffs pleadings citing
only caselaw that refers to unconstitutional conditions of confinement claims and duty of
Doctors who provide medical care to prisoners, without regard to the ADA or DEJIs status that
mandate affirmative care and accommodations Attorney Sanders allegations amplify his clients
denial of responsibility , deliberate and willful indifference to the danger maliciously inflicted on
DEJI during incarceration at NH Prison up to release to the custody of NYC's  RIKERS CREW.


Issue 1: Defendants cite Brown V Buck, 614 Fed Appx.590,592(3d circuit 2015) asserting law of
Kach V Hose , 589 F 3d 626,634 (3d Cir 2009) and 42 Pa. Cons.Stat sec 5524(2) ( enacted July
9, 1976) , claiming the statute of limitations of 2 years has expired. However These cases and
statutes do not address the  ADA Amendments Act of 2008. 42 USC 12101., under federal law,
28 USC 1658 (a) "Except as otherwise provided by law, a civil action arising under an Act of
Congress enacted after the date of the enactment of this section (July 30, 2002) may not be
commenced later than 4 years after the cause of action accrues.". . Braun V Gonzales , 557 Fed
Appx 176,179 (3d Cir 2014) cited by Attorney Sanders involves a claim for an injury that
occurred Mar 7, 2009. Braun complaint was filed more than 4 years later. Dismissal was
consistent with 28 USC 1658 (a) . Defendants PRIMECARE and "CO GREER" have been

served with the SAC. DEJI deceased on February 24, 2016. The claims under the ADA and the RA are therefore timely in the case at bar.

Issue 2: As discussed previously in plaintiffs response to point 4 of PENN's letter , Venue is proper as the main plaintiff, the ESTATE ( of Adedje Omole) is an entity which can maintain its suit only in the judicial district in which it maintains its principal place of business under 29USC1391C2  and that principal place is EDNY (New York.).

Issue 3:  Defendant cites Monell Vs Dept Of Social Services 436 US 658 (1978)  which limited actions against States themselves. The "custom or policy" requirement has also been applied to private corporations who contract with the state to provide medical care to prisoners. Howell v. Evans, 922 F.2d 712, 723-24 (11th Cir.)  Section 1983 provides a method for the vindication of rights secured by the United States Constitution or federal statute. See, McDuffie v. Hooper, 982 F.Supp. 817 (M.D. Ala. 1997) (private corporate health care providers who contract with government agencies are not entitled to qualified immunity); Hartman v. Correctional Medical Services, Inc., 960 F.Supp 1577, 1582 (M.D. Fla. 1996) Hartman suggests a contractor stands in the shoes of a person acting under color of law, rather than in the shoes of  a municipality. Defendant claims elements of DEJIs 1983 claim are missing , ignoring that the persistent and widespread custom & policy alleged is the deliberate indifference to DEJIs request for accommodation  ( SAC pars 26-29,32,33,55,57,63 )  and especially the widespread custom and policy of incarcerating and treating DEJI in a substandard facility that is , under PENN State law not an appropriate facility for disabled prisoners (SAC par 34  ). Citing Rojas V Alexanders Dept Store, Inc. 924 F 2d 406,408 ( 2d Cir 1990)  attorney Sanders absurd assertion that "at most, the SAC alleges a disagreement as to what treatment Mr Omole should have received" is an attempt to minimize his clients culpability and complexity in the events that led to DEJIs death in violation of federal laws that exist to protect him as a disabled American. Rojas was a case involving alleged discrimination against an Hispanic shoplifter. It is unclear how this has any relevance to the case at bar.

Issue 4: Plaintiff will move, with your Honors permission, at an appropriate time to conform the pleadings to the proper parties and their proper names. The facts and the allegations are the same, Mr. GEER is employed at NH Prison, as Mr. Sanders has informed us , as a nurse. Nevertheless, Mr. GEER , Shane Coffey and Mark Schaeffer (NH CREW) are all employed at NH Prison and certainly are the persons who plaintiff intended to hold accountable who willfully disregarded their duty  to DEJI, ignored his complaints and his requests for medical assistance and….by refusing to accommodate his needs as a disabled inmate." ( see SAC par 14)   Specifics pled with particularity against the NH CREW, including but not limited to those centering on the the denial of albuterol, which DEJI required for breathing. ( SAC par's 25-27, 40-46, 54,55,57,63  ;See complaint Ex L NH Prison Docs 202-207 ) Attorney  Sanders cites Smith V Carpenter 316 F 3d 178,183-184 (2d Cir 2003) which was a medical treatment conditions of confinement case under section 1983, and unlike the case at bar Smith was neither an ADA case nor did his claim of several missed treatments for HIV result in a "sufficiently serious" injury to establish a claim under the Eighth amendment. ( the Court held that evidence regarding the absence of actual medical injury …may be considered by the jury  in assessing whether an alleged denial of medical care is "sufficiently serious to establish the eighth amendment claim), even though actual injury is irrelevant to stating a cause of action.  Defendant cites  Ayers V Bradford County 2009 U.S. Dist  LEXIS 25117(MDPA March 25, 2009). Ayers sued for alleged pain and

2

suffering because he was denied access to a specific doctor. There is nothing in Ayers that suggests a different result would have been obtained by seeing one doctor or another, so the case was found to be frivolous. In the case at bar it is alleged *inter alia* medication given was harmful and the medication he needed to breath was not supplied when needed. Requests for reasonable accommodations were ignored. The pleadings allege the transition was made with willful indifference and disregard to the health and safety of DEJI.  However, more to the point in his analysis Attorney Sanders completely ignores the ADA , which was held to apply to a State Prison system or a State in its operation of a prison system ignoring that a disabled inmate can be a qualified individual with a disability under 42 USC 12131(2) , See United States Vs Georgia 646US157-159 (2006), The relevant inquiry is whether those with disabilities are as practical matter able to access benefits to which they are legally entitled Alexander Vs Choate 469 US 301(1985). Moreover, The Ayers case had nothing to do with a failure to accommodate   the plaintiffs disability or need for his medical care.  DEJIs complaints were requests for accommodation that were ignored with deliberate indifference to the danger it created for DEJI . see Farmer V Brennan 511 US 825,842(1994), which set forth concept that "an official can be found to know existence of substantial risk to prisoner by the very fact it was obvious" "deliberate indifference should be determined in the light of authorities current attitude and conduct" .."it is enough the official acted or failed to act despite his knowledge of a substantial risk of serious harm" A disabled prisoner has a protected status under the ADA that requires affirmative accommodations to his needs in accordance with the ADA. Deji could not stand without assistance (SAC par 44) "keeping DEJI standing for long periods of time before being stuffed into RIKERS van, restricting his movement, deprivation of albuterol; ignoring transfer documents. Mr. GEER actively participated in the willful disregard of DEJIs health and safety.


Issue 5:  Again, the ADA is disregarded by Mr. Sanders as Banks V Annucci 48 F. Supp. 3d 394, 412 (NDNY Sept 30, 2014) is a retaliation case involving tampering with kosher food. The SAC par's 26, 27 and 28 document the complaint made by DEJI which actually is a request for a reasonable accommodation that was ignored to the detriment of DEJI. While PRIMCARE claims this is not their responsibility their claim tends to support plaintiffs' allegations, namely: policy and custom of willful indifference. PRIMECARE acting under color of law is required under the ADA to make reasonable accommodations for disabled prisoners.

Issue 6:  Attorney Sanders borrows Attorney Rauchberg's issue alleging Plaintiffs failed to plead wrongful death , ADA or RA claim citing Habruck V Kupersmith 87CV4712 (1988) which was dismissed for failure to allege a pecuniary loss. The argument that Plaintiffs plead RIKERS CREW tried to resuscitate DEJI (after they helped kill him) is not a concession of a lack of neglect, misfeasance, failure to accommodate or nonfeasance for what occurred before that. ( which are clearly pleaded in SAC). DEJIs medical records indicate he could not breath laying flat (SAC par's 22,64). Habruck case has no application here The individual defendants are grouped into "RIKERS CREW" and "NH CREW" in the pleadings.


 Respectfully submitted,

*Ira Weinstein*

CC: Andrew Rauchberg, Thomas Copatrick   Paul A Sanders