

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER** | **LAW DEPARTMENT** | Andrew J. Rauchberg |
| *Corporation Counsel* | 100 CHURCH STREET | Phone: (212) 356-0891 |
|  | NEW YORK, NY 10007 | Fax: (212) 356-8760 |
|  |  | arauchbe@law.nyc.gov |

March 15, 2019

**VIA ECF**

Hon. Frederic Block
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Tuline Jenkins, et al. v. City of New York, et al.</u>
     18-CV-1145 (FB) (SJB)

Dear Judge Block:

   I am an Assistant Corporation Counsel in the Office of the Corporation Counsel assigned to represent Defendants Captain Leon Britton and Correction Officers Herbert Mauras and Manuel Lazanakis (the "individual Defendants") and the City of New York in the case referenced above. In accordance with Rule 2(A) of the Court's Individual Practices in Civil Cases, I write to respectfully request a pre-motion conference to discuss the individual Defendants' contemplated motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and also to dismiss Defendant Northampton County Jail's cross-claims.[1]

   As you know, Plaintiffs' allegations concern their son Adeji Omole, who died while being transported from Northampton County Jail to a New York City Department of Correction facility on or about February 24, 2016. *See* Second Amended Complaint, dated August 1, 2018 ("Complaint"), at ¶ 42. Plaintiffs allege that the Department did not provide Omole with medical treatment during transportation, and further failed to provide Omole the "opportunity to complain." Complaint ¶ 53. Plaintiffs assert claims under the Americans with Disabilities Act, the Rehabilitation Act, 42 U.S.C. § 1983, and the Eighth Amendment. Plaintiffs

---

[1] Pursuant to the Court's December 11, 2018 Order, the parties have entered into mediation. As settlement negotiations are ongoing, the individual Defendants respectfully request that the Court schedule any pre-motion conference after April 11, 2019, the date by which the parties must complete the mediation, and only in the event that the mediation does not dispose of all claims against the individual Defendants.

- 1 -

also assert a state law claim for wrongful death. Plaintiffs seek monetary damages totaling several million dollars. Complaint, Wherefore Clause.

Plaintiffs fail to state a claim under 42 U.S.C. § 1983. To prevail on a claim brought under 42 U.S.C. § 1983, a plaintiff must show that "some person acting under color of state law deprived him of a federal right." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60–61 (2d Cir. 2012). Plaintiffs emphasize that the individual Defendants allegedly acted in violation of Department policies. *See* Complaint ¶¶ 37–38, 46. These allegations do not state a claim under § 1983, as failure to comply with Department policies does not constitute a violation of the inmate's constitutional rights. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984).

Plaintiffs also fail to state a claim under 42 U.S.C. § 1983 because they fail to allege a constitutional violation. Specifically, Plaintiffs fail to satisfy the subjective prong of a constitutional claim for either conditions of confinement or inadequate medical care. To satisfy the subjective prong, a plaintiff must show that the defendant-official knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). In this case, Plaintiffs do not allege: (i) that the individual Defendants were aware of the inmate's particular medical needs, (ii) that the inmate made any requests to the individual Defendants, or (iii) that the individual Defendants otherwise knew of any risk to the inmate. To the contrary, Plaintiffs allege that Defendants Northampton and/or Primecare failed to provide adequate medical information to Department of Correction staff. *See* Complaint ¶ 44 (Northampton and Primecare "fail[ed] to provide . . . adequate transfer documents" to the Department of Correction); *see also id.* ¶ 43 (Northampton "did not make sure [the inmate] or [the individual Defendants] got his [A]lbuterol inhaler"). Plaintiffs also do not specify the particular conduct of each defendant sufficient to establish their personal involvement. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

Plaintiffs also fail to satisfy the objective prong of a constitutional claim for conditions of confinement. To satisfy the objective prong, a plaintiff must allege that "[o]bjectively, the alleged deprivation [is] sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). In this case, Plaintiffs do not allege that transportation via "transport vehicle van" created an objectively serious risk to the inmate's health. They do not identify any alleged deficiencies of a "transport vehicle van," and make no attempt to distinguish "transport vehicle vans" from the allegedly more appropriate "ambulatory vehicles." Complaint ¶ 42.

Additionally, Plaintiffs fail to state a claim under the Americans with Disabilities Act or Section 504 of the Rehabilitation Act. To state a claim under Title II of the Americans with Disabilities Act or the Rehabilitation Act, a plaintiff must allege "that (1) she is a 'qualified individual' with a disability, (2) that . . . Defendants are subject to [Title II], and (3) that Plaintiff was denied the opportunity to participate in or benefit from Defendants' services, programs or activities, or was otherwise discriminated against by Defendants, by reason of her disabilities." *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 342 (E.D.N.Y. May 9, 2014) (citing 42 U.S.C. § 12131). As a preliminary matter, the individual Defendants cannot be held personally responsible for alleged violations of these acts. *Menes v. CUNY*, 92 F. Supp. 2d 294, 306 (S.D.N.Y. Apr. 12, 2000). Further, Plaintiffs do not adequately allege that the inmate was

discriminated against by Defendants, by reason of his disabilities. Indeed, Plaintiffs do not allege that Defendants were even aware of the inmate's alleged disability. Moreover, Plaintiffs' "bare assertions of discriminatory animus, without any specific factual support," *see, e.g.*, Complaint ¶ 39, are "not sufficient to state a claim under the ADA." *Moore v. City of New York*, No. 15-CV-6600, 2017 U.S. Dist. LEXIS 379, *58 (S.D.N.Y. Jan. 3, 2017).

Even assuming that Plaintiffs did adequately state a claim under Title II, they fail to demonstrate that they are entitled to damages. To recover damages under Title II, a plaintiff must establish "deliberate indifference," that is, that "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf[,] has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). In this case, Plaintiffs do not allege that a policymaker at the Department of Correction had "actual knowledge" of discrimination, nor do Plaintiffs identify such policymaker, or name her as a defendant. Although Plaintiffs assert various allegations against the individual Defendants, Plaintiffs fail to allege that any defendant had policymaking authority, or that the individual Defendants had knowledge of any discrimination.

Finally, Plaintiffs fail to state a wrongful death claim. "Under New York law, in order to plead a successful wrongful death claim, plaintiff must allege… the wrongful, neglectful, or defaulting act committed by the defendant which caused decedent's death," among other things. *Habrack v. Kupersmith*, No. 87 Civ. 4712, 1988 U.S. Dist. LEXIS 10566, at *7 (S.D.N.Y. Sept. 23, 1988). In this case, Plaintiffs do not allege that the individual Defendants committed a wrongful, neglectful, or defaulting act which caused death of the inmate. To the contrary, Plaintiffs provide evidence suggesting that the inmate died of natural causes. *See, e.g.*, Complaint, Exhibit J (indicating that the inmate's "manner of death" was "natural"). Moreover, Plaintiffs concede that the individual Defendants were not neglectful, but tried to resuscitate Omole, and contacted "Emergency Responders . . . who arrived at the scene." Complaint ¶¶ 44, 65.

For all of these reasons, the individual Defendants respectfully request that the Court schedule a pre-motion conference to discuss the contemplated motion. The individual Defendants also intend to move against co-Defendant Northampton County Jail's cross-claims on the same grounds. Thank you for your consideration of this matter.

Respectfully submitted,

*/s/*
Andrew J. Rauchberg
Assistant Corporation Counsel

Copatrick Thomas
Assistant Corporation Counsel
(awaiting admission)

cc: All Attorneys of Record (via ECF)